UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

JOSEPH RUSSO,

    Plaintiff,

v.

EUSTIS ROOFING COMPANY, INC.,
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH RUSSO ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, EUSTIS ROOFING COMPANY, INC., a Florida Profit Corporation (hereinafter referred to as "Defendant" or "ERC"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendant in Lake County, Florida, and

the actions giving rise to these claims arose in Lake County, Florida.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a business operating in Lake County, Florida, at which Plaintiff worked.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant has been open for business, during the relevant time periods.

12. At all times relevant hereto, Defendant operated a roofing company in Lake County, Florida.

13. At all times relevant hereto, Defendant had more than two employees.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendant(s).

## STATEMENT OF FACTS

16. Plaintiff worked as a non-exempt and hourly paid roofer/carpenter from August 15, 2017, until September 22, 2018.

17. Plaintiff was paid $26.25 per hour for up to forty (40) hours per week.

18. Plaintiff regularly worked approximately fifty (50) hours per week, but was not paid any compensation, whatsoever, for hours worked over forty (40) per week.

19. To demonstrate that Plaintiff was an hourly paid employee, and not salaried, when Plaintiff worked less than forty (40) hours per week, or left early on certain days, Plaintiff's pay would be deducted on an hour for hour basis to reflect same.

20. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

21. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **ALL** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

22. Plaintiff estimates his FLSA damages to be as follows: Based on an hourly

calculation, Plaintiff is owed $39.38 per overtime hour X 10 overtime hours per week. This totals $393.75 owed per week.  Plaintiff worked for Defendant for a total of 58 weeks (but estimates he worked four (4) weeks that were less than forty (40) hours.   Plaintiff's total amounts owed, based on the above calculation equal:  **$21,262.50 unliquidated, and $42,5235.00 in liquidated damages**.

23. Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

24. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

25. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

26. Based on the allegations in Paragraphs 23-25, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

27. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

28. Plaintiff re-alleges and reavers paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29. During his employment, Plaintiff worked in excess of the forty (40) hours per

week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

30. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31. Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

32. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

33. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant(s):

    a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

    f.    Ordering any other further relief, the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 19th day of October 2018.

/s/ **NOAH E. STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*